**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4517

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FRANCILLON DEBREUS, a/k/a Francis,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  C. Weston Houck, Senior District Judge.  (CR-03-474)

Submitted:  July 6, 2005          Decided:  August 3, 2005

Before WILKINSON, NIEMEYER, and DUNCAN, Circuit Judges.

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

John W. Locklair, III, JOYE & LOCKLAIR, P.A., Murrells Inlet, South Carolina, for Appellant.  Alfred W. Bethea, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.  See Local Rule 36(c).

PER CURIAM:

Francillon Debreus appeals his conviction and sentence for one count of conspiracy to possess with intent to distribute 50 grams of crack cocaine and 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2000). Debreus' attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his opinion, there are no meritorious issues for appeal. Counsel does assert however, that Debreus' sentence is improper in light of Blakely v. Washington, 124 S. Ct. 2531 (2005), and Apprendi v. New Jersey, 530 U.S. 466 (2000). Debreus filed a pro se supplemental brief raising several challenges to the sufficiency of the evidence, the selection of the jury and the enhancements under the sentencing guidelines. While we affirm the conviction, we vacate the sentence and remand for resentencing.

Debreus was involved in a significant drug conspiracy distributing crack cocaine and cocaine in South Carolina. At trial, many of Debreus' co-defendants testified against him. The evidence was overwhelming that Debreus was a significant operative in the conspiracy that spanned several years. Accordingly, we find the evidence was sufficient to support the conviction. Glasser v. United States, 315 U.S. 60, 80 (1942) (stating standard).

Debreus' challenge to the jury venire must fail. There is no evidence he challenged the selection of the jury venire at trial. Accordingly, review is waived. See 28 U.S.C. § 1867 (2000);

- 2 -

<u>United States v. Webster</u>, 639 F.2d 174, 180 (4th Cir. 1981).
Moreover, our review of the record shows no support for such a claim.

The jury found beyond a reasonable doubt Debreus was responsible for 50 grams or more of crack cocaine and 5 kilograms of cocaine. Combining these drug amounts would have resulted in a base offense level of 32, with a corresponding guideline range of 151 to 188 months' imprisonment for Debreus' criminal history category. At sentencing, however, the district court found Debreus was responsible for 77.19 kilograms of crack cocaine, possession of a firearm, a leadership or managerial role in the conspiracy and obstruction of justice. As a result, Debreus' offense level was adjusted upward to 44. The result was a guideline sentence of life imprisonment. None of the sentencing enhancements were found by the jury beyond a reasonable doubt or admitted by Debreus. Debreus' sentence was imposed prior to the decisions in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), and <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), and he did not raise objections to his sentence based on the mandatory nature of the Sentencing Guidelines or the district court's application of sentencing enhancements based on facts not admitted by Debreus or found by a jury beyond a reasonable doubt. Therefore, we review his sentence for plain error. <u>See</u> <u>United States v. Hughes</u>, 401 F.3d 540, 546-60 (4th Cir. 2005). His life sentence thus meets the standard for plain error that must be

recognized under the reasoning set forth in <u>Hughes</u>.[1]  Accordingly, we will vacate Debreus' sentence and remand for resentencing in light of <u>Booker</u>.[2]

Accordingly, we affirm the conviction and vacate and remand his sentence for resentencing consistent with <u>Booker</u> and <u>Hughes</u>.[3]  We deny Debreus' motion to relieve counsel and to appoint new counsel.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>VACATED AND REMANDED IN PART</u>

---

[1]Just as we noted in <u>Hughes</u>, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Debreus' sentencing. <u>See generally</u> <u>Johnson v. United States</u>, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

[2]Although the Sentencing Guidelines are no longer mandatory, <u>Booker</u> makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. <u>See</u> <u>Hughes</u>, 401 F.3d at 546.  The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. <u>Id.</u>  If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). <u>Id.</u>  The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u> at 546-47.

[3]Given that we are vacating the sentence and remanding for resentencing, we will not review at this juncture Debreus' challenge to the sentencing enhancements.  If there is an appeal after resentencing, it may be appropriate to review the enhancements at that point in the process.